IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

DERRICK MAPP,

    Plaintiff

VS.

OSSIE MAPP, *et al.*

    Defendants

NO. 3:06-CV-21 (CAR)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

## RECOMMENDATION

The defendants have filed a motion seeking DISMISSAL of the above-captioned §1983 action, alleging that the plaintiff's claim is barred by the statute of limitations.[1] Tab #14. Having been advised of his right to respond to the defendants' motion (Tab #16), plaintiff DERRICK MAPP has failed to do so.

The defendants contend that the plaintiff's action is barred by the statute of limitations and their analysis is persuasive. This suit was brought pursuant to 42 U.S.C. §1983 which does not have a statute of limitations itself, but is governed by the state statute of limitations for personal injury. In Georgia, the statute of limitations for personal injuries is two years. O.C.G.A. §9-3-33. *See also* ***Reese v. City of Atlanta***, 545 S.E.2d 96 (Ga. App. 2001) (holding that two year statute of limitations also applies to unlawful imprisonment case).

Plaintiff Mapp's cause of action for unlawful imprisonment accrued the day he was released from custody. ***Donaldson v. O'Connor***, 493 F.2d 507, 529 (5th Cir. 1974), *vacated and remanded on other grounds*, 432 U.S. 885). The plaintiff was released on February 24, 2004 (Defendants' Exh. D, Tab #14 at 19 [of 23]), but he did not file the instant complaint until March 1, 2006, <u>five days after the statute of limitations had run</u>. Accordingly, plaintiff Mapp's claim is time barred, and IT IS RECOMMENDED that the defendants' considered as one seeking dismissal be GRANTED.

---

[1] The defendants captioned their motion as one seeking dismissal and summary judgment, but since their motion does not go to the merits of the plaintiff's claim, but rather focuses solely on the statute of limitations, the undersigned is treating it only as a motion to dismiss.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

The Clerk is directed to serve plaintiff at the <u>last address provided by him</u>.

SO RECOMMENDED, this 15th day of DECEMBER, 2006.



                                              CLAUDE W. HICKS, JR.
                                              UNITED STATES MAGISTRATE JUDGE